UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL J. MONROE

       Plaintiff,

  v.                9:17-CV-1050
                        (GTS/DEP)
NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

       Defendants.

---

APPEARANCES:

MICHAEL J. MOORE
16-A-2258
Plaintiff, pro se
Downstate Correctional Facility
Box F
Fishkill, NY 12524

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I.  INTRODUCTION

Plaintiff Michael J. Monroe ("Plaintiff"), commenced this pro se action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 10 ("IFP Application"). In the Complaint, Plaintiff set forth claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Franklin Correctional Facility ("Franklin C.F."). *See* Compl., *generally*.

By Decision and Order filed on December 27, 2017 (the "December Order"), Plaintiff's IFP Application was granted. Dkt. No. 11. After reviewing the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that Plaintiff's First Amendment claims against defendants Officer K and Officer T survived sua sponte review and required a response. *Id.* at 5-7. The Court dismissed Plaintiff's claims against defendant Commissioner Anthony Annucci ("Annucci") for lack of personal involvement in the alleged constitutional violation.[1] *Id.* at 10.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), in order to assist Plaintiff in identifying the John Doe defendants, the Court requested that the Office of the Attorney General attempt to ascertain the full names of the John Doe defendants. Dkt. No. 11 at 11. The Attorney General's Office was also requested, to the extent that it was able to identify either of the John Doe defendants, to provide the addresses where the defendants might be served.[2] *Id.*

By Letter Brief dated May 11, 2018, submitted in response to the December Order, the Attorney General's Office provided Plaintiff with information regarding the identities of the John Doe defendants included in the Complaint. Dkt. No. 24. In an Order dated June 4, 2018, the Court directed the Clerk of the Court to forward a copy of the original Complaint and a blank form complaint to Plaintiff to assist Plaintiff with filing an Amended Complaint that

---

[1] The Court also dismissed Plaintiff's claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), with prejudice and concluded that Plaintiff's 1983 claims for monetary damages against DOCCS were barred by the Eleventh Amendment. *See* Dkt. No. 11 at 9. Plaintiff does not restate these claims in the Amended Complaint.

[2] The Attorney General's Office was advised that it need not undertake to defend or indemnify these individuals at this juncture. The December Order was intended merely to provide a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin.*

2

correctly identified the John Doe Defendants named in his original Complaint. Dkt. No. 26.

Presently before the Court for review is Plaintiff's Amended Complaint. Dkt. No. 26 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) was discussed at length in the December Order and it will not be restated in this Decision and Order. See Dkt. No. 11 at 2-4. Taking into account Plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III. REVIEW OF AMENDED COMPLAINT

The facts asserted in the Amended Complaint are identical to those plead in the original Complaint with respect to his religious claims. On June 2, 2017, defendant Corrections Officer Scott Kocienski ("Kocienski") (previously identified as "Officer K") arrived at Plaintiff's housing unit to take Plaintiff for a urine test. Am. Compl. at 4. Plaintiff told Kocienski that he was Muslim and fasting for the month of Ramadan. *Id.* Kocienski escorted Plaintiff to the medical department and told Plaintiff that if he refused to drink water and provide a urine sample, he would receive a misbehavior report (equivalent to a positive urine test) and Special Housing Unit ("SHU") confinement. *Id.* Plaintiff complied with the directive so that he could participate in Ramadan services. *Id.*

On June 14, 2017, defendant Corrections Officer Bryan Tyo ("Tyo") (previously identified as "Officer T") arrived at Plaintiff's housing unit to escort him to another urine test.

3

Am. Compl. at 4. Plaintiff notified Tyo that he was Muslim and fasting for the month. *Id.* at 5. Tyo told Plaintiff that if he did not provide a sample, he would receive a misbehavior report for "dirty urine" and SHU time. *Id.* Plaintiff complied with the order so that he could participate in Ramadan services. *Id.*

Plaintiff filed a grievance related to the urinalysis testing and appealed the grievances to Annucci. Am. Compl. at 5. Annucci did not respond. *Id.* Plaintiff seeks monetary damages. *See id.*

**IV.   ANALYSIS**

**A.   First Amendment Claims**

As a result of the review of the original Complaint, the Court held that Plaintiff's First Amendment claims against Officer K and Officer T required a response. With the Amended Complaint, Plaintiff repeats those claims and substitutes Kocienski and Tyo for the unidentified defendants. Accordingly, the Court finds that the First Amendment claims against Kocienski and Tyo survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

**B.   Claims Against Annucci**

With the Amended Complaint, Plaintiff realleges his claims against Annucci, with additional factual allegations.[3] The law related to personal involvement and supervisory officials was discussed in the December Order and will not be restated herein. Dkt. No. 11 at 9-10. In the December Order, the Court dismissed Plaintiff's First Amendment claims against

---

[3] The Clerk of the Court is directed to add Annucci as a defendant in this action.

Annucci holding:

> Plaintiff does not allege that Annucci participated in the alleged wrongdoing or that he notified Annucci of the alleged constitutional violations by way of grievances, appeals, or correspondence. The Complaint does not provide any information to suggest that any of the *Colon* factors are applicable. Thus, Plaintiff's claims against Annucci are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Dkt. No. 11 at 10.

In the Amended Complaint, Plaintiff attempts to correct the deficiencies in this claim, relying upon the second *Colon* factor. *See* Am. Compl. at 5. Plaintiff claims that he notified Annucci of the alleged violations through his appeal, and Annucci failed to respond. *See id.*

The Second Circuit has cautioned against dismissing claims for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint. *Grullon v. City of New Haven,* 720 F.3d 133, 141 (2d Cir. 2013) (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement). While cognizant of *Grullon*, the Court finds that, as presently plead, Plaintiff has failed to plead facts suggesting that Annucci was personally involved in any constitutional deprivation. Plaintiff claims that he sent a an appeal to Annucci but fails to allege where the appeal was sent, when it was sent, or by what means it was forwarded. Without more, the allegations are not enough to allege that Annucci was personally involved in any constitutional deprivation. *See Bridgewater v. Taylor,* 698 F.Supp.2d 351, 359 (S.D.N.Y. 2010); *Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order).

5

Accordingly, Plaintiff's claims against Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure state a claim upon which relief may be granted.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 26) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall (i) revise the docket to reflect that Annucci, Kocienski and Tyo are defendants in this action; and (ii) revise the docket to reflect that Officer K and Officer T are no longer defendants in this action; and it is further;

**ORDERED** that Plaintiff's claims against Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Annucci is dismissed as a defendant herein; and it is further

**ORDERED** that Plaintiff's First Amendment claims against Kocienski and Tyo survive review and require a response; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Attorney General's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the defendants or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated: July 20, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge