UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. MONROE,

                          Plaintiff,

v.                                                              9:17-CV-1050
                                                                   (GTS/DEP)

SCOTT KOCIENSKI, Corr. Officer, Franklin Corr.
Facility, f/k/a Officer K; and BRIAN TYO, Corr.
Officer, Franklin Corr. Facility, f/k/a Officer T.,

                          Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

MICHAEL J. MONROE
  Plaintiff, *Pro Se*
126 Halgren Crescent
Haverstraw, New York 10927

HON. LETITIA JAMES                          ERIK BOULE PINSONNAULT, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224


GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Michael

Monroe ("Plaintiff") against the two above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are (1) Chief United

States Magistrate Judge David E. Peebles' Report-Recommendation recommending that the

Court deny Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a

claim, and (2) Defendants' Objections to the Report-Recommendation. (Dkt. Nos. 43, 44.) For

the reasons set forth below, the Report-Recommendation is accepted and adopted, and Defendants' motion to dismiss is denied.

I.  **RELEVANT BACKGROUND**

   A.  **Magistrate Judge Peebles' Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Peebles recommended that the Court deny Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim for three reasons. (Dkt. No. 43, Part III.)

First, found Magistrate Judge Peebles, although Defendants have submitted documentation related to a grievance in support of their motion (which is based on Plaintiff's asserted failure to exhaust his available administrative remedies before filing suit on September 15, 2017), the Court may not consider that documentation on this motion, because (a) a motion to dismiss for failure to state a claim tests only the sufficiency of Plaintiff's Amended Complaint together with any documents attached to or referenced in it, and (b) here, the documentation was neither attached to nor sufficiently referenced in Plaintiff's Amended Complaint. (*Id*.)

Second, found Magistrate Judge Peebles, based on the factual allegations of Plaintiff's Amended Complaint, the Court is unable to make an intelligent assessment as to whether the Inmate Grievance Program was "available" to Plaintiff for purposes of *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016), because (a) Plaintiff's Amended Complaint (filed on June 13, 2018) provides no information concerning how long his appeal to the Central Office Review Committee or "CORC" (filed on July 10, 2017) had been pending before CORC as of September 15, 2017, and (b) *Williams* implies that, where (as here) the regulations fail to address a grievant's particular situation,

DOCCS's regulatory scheme is so opaque and so confusing that no reasonable prisoner can use it and it is thus unavailable. (*Id.*)

Third, found Magistrate Judge Peebles, in any event, granting Defendants' motion to dismiss would violate Fed. R. Civ. P. 1's directive to construe, administer and employ Fed. R. Civ. P. 12(b)(6) "to secure the just, speedy and inexpensive determination of every action and proceeding," because (a) granting the motion would result in a dismissal of Plaintiff's Amended Complaint without prejudice, (b) he would be entitled to file a new action given that CORC issued its decision denying his appeal on August 29, 2018, and he faces no statute-of-limitations issues, and (c) thus the dismissal would be unjust, wasteful of time, and expensive. (*Id.*)

**B.     Defendants' Objection to the Report-Recommendation**

Generally, in their Objections, Defendants assert the following three arguments. (*See generally* Dkt. No. 44.)

First, argue Defendants, the Court may and should consider, on this motion to dismiss for failure to state a claim, the documentation related to Plaintiff's grievance because (a) he alleges that he filed the grievance, appealed the denial of it to the Superintendent, then appealed the denial by the Superintendent to CORC (causing the documents to be incorporated by reference in his Amended Complaint), and (b) Defendants have provided the documents as an exhibit to their motion. (*Id.*)

Second, argue Defendants, this action should be dismissed because (a) based on the documents currently before the Court (including the Amended Complaint), Plaintiff's appeal was pending at the time he filed this action, (b) many judges in this District have held that the length of time an appeal was pending before CORC is irrelevant in that CORC's failure to act within a

required time frame does not justify a failure to exhaust before filing suit, (c) indeed, there is authority for the point of law that CORC's 30-day time limit to render a decision is not mandatory but "directory," and (d) the Second Circuit's decision in *Williams* is distinguishable in that in *Williams* the plaintiff never received a grievance number (while here Plaintiff did), the plaintiff was transferred between facilities two weeks after submitting his grievance (which here Plaintiff was not), and the legal issue regarded "extraordinary circumstances" (not the availability of remedies, as here). (*Id.*)

Third, argue Defendants, Fed. R. Civ. P. 1 does not weigh in favor of denying Defendants' motion because Magistrate Judge Peebles' application of that rule does not appear to consider the fact that, if Plaintiff were required to file a new action now, he would be required to either successfully request leave to proceed *in forma pauperis* or pay the Court's filing fee up front. (*Id.*)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.    ANALYSIS**

After carefully considering the issue, the Court accepts Defendants' first two arguments but rejects their third argument.

More specifically, the Court accepts Defendants' first argument for the reasons stated in their Objections. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court would add only the following analysis.

If Defendants had moved to dismiss Plaintiff's action before he filed an Amended Complaint, the Court would have had trouble considering Plaintiff's grievance documents because they were not referenced in his original Complaint. (*See generally* Dkt. No. 1.) However, Defendants moved to dismiss Plaintiff's Amended Complaint, which expressly reference the documents. (Dkt. No. 26, at 5 ["I filed grievances shortly thereafter pertaining to these urinalysis tests and appealed them to the Superintendent of Franklin Correctional Facility and also to Albany. I never received an answer back from Commissioner Anucci [sic] or anyone from his office."].) Moreover, Plaintiff never filed an opposition memorandum of law (e.g., challenging the accuracy of the documents provided by Defendants in their memorandum of law), thus lightening Defendants' burden on this aspect of their motion (which burden Defendants have met for the reasons they state). (*See generally* Docket Sheet.)[5]

---

[5]   In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases). The Court notes that Plaintiff was specifically advised of the consequences of failing to oppose Defendants' motion. (Dkt. No. 38 [Notice of Motion, advising Plaintiff of the consequences of failing to respond to the motion].)

In the undersigned's estimation, the closest question presented by the documents exists with regard to CORC's denial of August 29, 2018, which post-dated the Amended Complaint (which was postmarked June 11, 2018) and thus could not have been referenced in it. However, because the Amended Complaint heavily relied on the express allegation that Plaintiff had not yet received a determination from CORC before September 15, 2017 (and thus suggested that no decision had been issued by CORC before September 15, 2017), and because the CORC denial of August 29, 2018, essentially confirms that suggestion, the Court will (whether as a concession to Defendants or out of special solicitude to Plaintiff) find that the CORC denial was integral to the Amended Complaint. *Cf. Ryan v. Cholakis*, 13-CV-1451, 2014 WL 803776, at *1 (N.D.N.Y. Feb. 25, 2014) (liberally construing *pro se* complaint as effectively supplemented by documents that post-dated his complaint because the documents were integral to the complaint and were provided by the plaintiff in response to a motion to dismiss).

Turning to Defendants' second argument, the Court also accepts this argument, albeit with some reluctance. The Court begins by noting the careful consideration given to this issue (i.e., whether CORC's failure to act within the 30-day period prescribed by regulation renders the grievant's administrative remedies effectively unavailable under *Ross v. Blake*, 136 S. Ct. 1850 [2016], and *Williams v. Corr. Officer Priatno*, 829 F.3d 118 [2d Cir. 2016]) both by Magistrate Judge Peebles and by United States Magistrate Judge Daniel J. Stewart in the case cited by Magistrate Judge Peebles: *High v. Switz*, 17-CV-1067, 2018 WL 3736794, at *4-5 (N.D.N.Y. July 9, 2018) (Stewart, M.J.), *report-recommendation adopted by* 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) (Kahn, J.). In addition, the Court notes that it is disturbed at seeing a

8

delay of longer than a year (specifically, one year, one month and 19 days) with regard to a CORC decision. The Court wonders what the rule would be were CORC (for whatever reason) to fail to *ever* render a decision: at what point in time would the inmate obtain the right to sue? DOCCS would do well to amend 7 N.Y.C.R.R. § 701.5(d)(2)(i),(ii) so as to specify a date after which the inmate may sue, lest the courts effectively do so for it.[6]

Having said all of that, here, the Court need not wrestle with this thorny issue. This is because the delay between the date on which a decision by CORC was due (i.e., August 9, 2017) and the date on which Plaintiff signed and thus filed his original Complaint in this action (i.e., September 15, 2017) was only thirty-seven (37) days. This is shorter than the 80-day waiting period previously found to be insufficient (to warrant suit) by the Second Circuit. *See Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, 692 F. App'x 668, 670 (2d Cir. 2017) (finding that "Gizewski [made] no persuasive argument that administrative remedies were unavailable" where he filed his appeal to CORC on November 12, 2013, and had not yet received a decision from CORC by the time he filed his complaint 80 days later, on January 31, 2014). While it turned out that Plaintiff was correct to the extent he estimated in mid-September 2017 that no decision from CORC would be forthcoming, that fact is not relevant to the issue of

---

[6] The Court notes that it has some trouble accepting Defendants' argument that 30-day time limit set forth in 7 N.Y.C.R.R. § 701.5(d)(2)(ii) (which expressly uses the word "shall") is not mandatory *for purposes of exhaustion*. In any event, even if the Court were to rely on the state court cases cited by Defendants, the Court would note that those cases recognize that a violation of the deadline, coupled with a showing of substantial prejudice by the inmate, results in the Department's being ousted of jurisdiction. *See, e.g., Matter of Sheppard v LeFevre*, 116 A.D.2d 867, 868 (N.Y. App. Div., 3d Dep't 1986) ("[S]ince the regulation simply provides for a time limit without any sort of limitation on action after the expiration thereof, such time limit must be construed as directory . . . and the Department will be ousted of jurisdiction only where substantial prejudice is demonstrated.") (citation omitted).

9

whether, based on the factual allegations set forth in his Amended Complaint, his administrative remedies had become unavailable to him only 37 days after the expiration of the 30-day deadline for CORC's determination: they had not.

However, the Court must reject Defendants' third argument. Granted, Defendants are correct that Magistrate Judge Peebles did not expressly account for the fact that the grant of Defendants' motion under Fed. R. Civ. P. 12(b)(6) would place another obstacle before Plaintiff: the need to again request leave to proceed *in forma pauperis* or pay the Court's filing fee up front. However, Defendants themselves did not account for two considerations.[7]

The first of these considerations is the fact that the record contains no reason to believe that Plaintiff's request to proceed *in forma pauperis* in a new action would meet with a result less favorable to him than did his request of November 4, 2017, in this action. (Dkt. Nos. 10, 11.) It is true that Plaintiff is currently not incarcerated. However, he was not incarcerated at the time of his prior request. (Dkt. No. 10, at ¶ 1.) Moreover, in his prior request, Plaintiff swore, *inter alia*, that his last job (before his incarceration in 2016) was in 2015 at a car wash, that he has no bank accounts, and that he owns no real estate, automobiles or other assets. (Dkt. No. 10, at ¶ 2.b, 4, 5.)

The second of these considerations is the fact that, if the blind application of Fed. R. Civ. P. 12(b)(6) and *Gizewski* would result in the dismissal of Plaintiff's action, the Court would be inclined (due to the apparent unjustness of that result in light of the existence of the CORC

---

7   For the sake of brevity, the Court will not rely on the special solicitude that ordinarily must be afforded to *pro se* litigants. Even *pro se* litigants must continue to apply for *in forma pauperis* status and comply with the Court's procedural rules, including Fed. R. Civ. P. 12(b)(6).

determination of August 29, 2018) to convert Defendants' motion to one for summary judgment (on notice to the parties and a further opportunity to be heard) and take a close look at the reason for CORC's delay in rendering a determination with regard to Plaintiff's appeal. Simply stated, the fact that CORC knew of yet failed to rectify its failure to render a determination for some 349 days (i.e., from September 15, 2017, to August 31, 2018), coupled with the fact that when it did render a determination it relied solely on the fact that Plaintiff had been released 35 days before (i.e., on June 26, 2018), appears to raise an inference that CORC was unwilling to provide a determination until Plaintiff had been released (when inmates often abandon suit), effectively rendering Plaintiff's administrative remedy unavailable.

Should Defendants prefer to proceed along this route (which the Court respectfully assumes they would not, at least at this time), they are invited to move for reconsideration. Otherwise, their motion to dismiss is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 43) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 38) is **DENIED**.

Dated: February 1, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge