UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL J. MONROE,

                Plaintiff,

v.

SCOTT KOCIENSKI, Correction Officer,          9:17-CV-1050
Franklin Correctional Facility, formerly           (GTS/ML)
known as Officer K.; and BRIAN TYO,
Correction Officer, Franklin Correctional
Facility, formerly known as Officer T.,

                Defendants.

---

APPEARANCES:                                        OF COUNSEL:

Michael J. Monroe
  *Pro Se* Plaintiff
126 Halgren Crescent
Haverstraw, New York 10927
(last known address)

LETITIA A. JAMES                          ERIK B. PINSONNAULT, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

      Currently before the Court, in this civil rights action filed by Michael J. Monroe

("Plaintiff") against Scott Kocienski, Correction Officer, Franklin Correctional Facility, formerly

known as Officer K., and Brian Tyo, Correction Officer, Franklin Correctional Facility, formerly

known as Officer T. ("Defendants"), is Defendants' motion to dismiss for failure to prosecute

pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 10.1(c)(2) and 41.2(b).  (Dkt. No. 51.)  For the reasons set forth below, I recommend that Defendants' motion be granted.

## I.     RELEVANT BACKGROUND

On September 15, 2017, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2, 3.)  At that time, Plaintiff was confined to Franklin Correctional Facility ("Franklin"), located in Malone, New York.  (Dkt. No. 1.)

On October 16, 2017, Plaintiff filed a notice of a change of address, which included the warning that, "[p]ursuant to Local Rule 10.1(c), Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action."  (Dkt. No. 7.)  On October 26, 2017, Plaintiff filed another notice of a change of address.  (Dkt. No. 8.)

On December 27, 2017, Chief United States District Judge Glenn T. Suddaby issued a decision and order granting Plaintiff's motion for permission to proceed without prepayment of fees.  (Dkt. No. 11.)  In that same decision and order, Chief Judge Suddaby ordered the dismissal of certain of Plaintiff's claims and found that Plaintiff's claims pursuant to the First Amendment against Defendants should survive the Court's initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  (*Id.*)

On April 9, 2018, Plaintiff filed a notice of change of address.  (Dkt. No. 20.)

On June 13, 2018, Plaintiff filed an Amended Complaint.  (Dkt. No. 26.)  On July 20, 2018, Chief Judge Suddaby issued a decision and order accepting Plaintiff's Amended Complaint for filing.  (Dkt. No. 27.)  In that same decision and order, Chief Judge Suddaby ordered the dismissal of claims against defendant Annucci and ordered that the claims pursuant to the First Amendment against Defendants required a response.  (*Id.*)  In his decision, Chief

Judge Suddaby issued certain administrative instructions to Plaintiff, including the directive to "**promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**." (*Id.* at 7 [emphasis in original].)

On July 27, 2018, Plaintiff filed a notice of change of address updating his address to the Orange County Jail. (Dkt. No. 29.) On October 3, 2018, Plaintiff filed a notice of change of address updating his address to Downstate Correctional Facility. (Dkt. No. 36.)

On October 19, 2018, Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 38.) On October 24, 2018, Plaintiff filed a notice of change of address updating his address to 126 Halgren Crescent, Haverstraw, New York 10927. (Dkt. No. 41.) This is the last known address of Plaintiff. Plaintiff's response to Defendants' motion to dismiss for failure to state a claim was due on November 6, 2018. (Dkt. No. 39.) Plaintiff did not file a response. (*See generally* docket sheet.) On November 14, 2018, United States Magistrate Judge David E. Peebles issued a report and recommendation recommending that Defendants' motion to dismiss be denied. (Dkt. No. 43.) On February 1, 2019, Chief Judge Suddaby accepted and adopted Magistrate Judge Peebles's report and recommendation in its entirety and denied Defendants' motion to dismiss Plaintiff's Amended Complaint. (Dkt. No. 46.)

On March 12, 2019, Defendants filed an answer to the Amended Complaint. (Dkt. No. 47.) Thereafter, Defendants have attempted to engage in discovery with Plaintiff, to no avail. (Dkt. No. 51, Attach. 3 at ¶¶ 4-6.) Defendants' attempts to mail Plaintiff correspondence on June 3, 2019, and June 13, 2019, were returned as undeliverable. (*Id.* at ¶¶ 5-6.)

3

As a result, on July 26, 2019, Defendants filed this motion to dismiss for lack of prosecution. (Dkt. No. 51.) Plaintiff's response to Defendants' motion was due by August 20, 2019. (Text Re-Notice dated July 26, 2019.) To date, the Court has not received a response to Defendants' motion. (*See generally* docket sheet.)

On January 10, 2020, the Court directed Plaintiff to show cause, in writing, on or before January 29, 2020, why the Court should not dismiss his action pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 10.1(c)(2) and 41.2(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice. (Dkt. No. 52.)[1] To date, the Court has not received a response to its order to show cause. (*See generally* docket sheet.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

For reasons that are self-evident, this Court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

---

[1] The Court notes that its Text Re-Notice dated July 26, 2019, and its Text Order at Dkt. No. 52, were served on Plaintiff via regular mail and were not returned as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff.  *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839

---

[2]   Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

## III. ANALYSIS

Plaintiff was specifically informed of the requirement that he update his address with the Clerk of the Court or risk dismissal of his lawsuit, when he was provided with Chief Judge Suddaby's decision and order dated July 20, 2018. (Dkt. No. 28 at 7.)

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Amended Complaint at this juncture is warranted. The inability of the Court to communicate with Plaintiff is due solely to his failure to prosecute or to provide the Court with his updated address. Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight. Notably, Plaintiff has demonstrated that he is aware of his obligation to notify the court in writing of any changes to his address, having done so on six prior occasions. (Dkt. Nos. 7, 8, 20, 29, 36, 41.)

Despite Plaintiff's awareness of his responsibility, he has failed to provide an updated address to the Court. Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's docket and Defendants' interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach Plaintiff due to his failure to provide the Court with a current address.

## IV.   SUMMARY AND RECOMMENDATION

This matter cannot proceed without Plaintiff's prosecution and notification to the Court by Plaintiff of his current address. Since Plaintiff has failed to fulfill his obligations, it is hereby respectfully

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 26) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**RECOMMENDED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 51) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

Dated: February 4, 2020
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[3]   The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).